# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Glennon Marrero,<br><br>           Plaintiff<br><br>v.<br><br>Michael Ray Nguyen-Stevenson; Universal Music Group, Inc.; Tilly's, Inc.; Shiekh Shoes; and Doe Corporation,<br><br>           Defendants. | Case No. 13-cv-09291-CBM-PJW___<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

Michael Ray Nguyen-Stevenson,

        Third-Party Plaintiff,

v.

Last Kings Designs LLC, a California limited liability company,

        Third-Party Defendant.

Last Kings Designs LLC, a California limited liability company,
        Plaintiff,

v.

Glennon Marrero,

        Defendant.

*This Order does not authorize the parties to file documents under seal. Under seal filings are governed by L.R.79-5.*

*PJW*

     Because discovery in the above-captioned case will involve the production of the parties' confidential business information, including financial information which can cause harm to Defendants and Intervenor, the parties hereby jointly submit a stipulated protective order Pursuant to Federal Rule of Civil Procedure 26(c). The following Protective Order shall govern the production or provision of confidential

1  information and things by the parties in this case and any third parties (provided such
2  third parties recognize and accept the procedures set forth herein) for the purpose of
3  responding to discovery requests or inquiries.

4      1.     Any party to this action, and any non-party from whom discovery is
5  sought in connection with this action, may designate as "Confidential" or "Highly
6  Confidential – Attorneys' Eyes Only" any documents, testimony or other discovery
7  material that contains information of a confidential nature ("Confidential
8  Information").  The term "Party" shall refer to a named Party in this action; all
9  predecessors and successors thereof; all present divisions, subsidiaries, parents, or
10 affiliates of any of the foregoing entities; any company that has the same ultimate
11 parent company as the Party, and all directors, officers, employees, agents, attorneys,
12 or other representatives of any of the foregoing entities.  The term "Parties" shall
13 refer collectively to each individual Party.  The term "Receiving Party" shall refer to
14 the Party to whom such information is produced by the "Producing Party."

15     2.     A Party (or non-party) from whom discovery is sought ("Producing
16 Party") may designate as "Confidential" any information that it reasonably believes
17 constitutes confidential research, development, financial, or commercial information.

18     3.     A Producing Party may designate as "Highly Confidential – Attorneys'
19 Eyes Only" any information that it reasonably believes in good faith is so
20 commercially sensitive or confidential that the disclosure to the Party receiving the
21 discovery ("Receiving Party"), even under the restricted terms and conditions
22 applicable to material designated "Confidential," would not provide adequate
23 protection to the interests of the Producing Party (including but not limited to
24 pending but unpublished patent applications, Confidential Information concerning
25 profit margins, information concerning unreleased products or services, and
26 Confidential Information about existing products or services).

27     4.     Material designated as "Confidential" or "Highly Confidential –
28 Attorneys' Eyes Only" ("Designated Material") shall refer to Confidential

1 | Information (as defined above), including documents, data and information, answers

2 | to interrogatories, answers to deposition questions (if the deposition is so designated

3 | as provided herein), responses to requests for admission, affidavits, expert reports,

4 | briefs, and any information copied or extracted therefrom or attached thereto, as well

5 | as all copies, excerpts, summaries, or compilations thereof, plus testimony,

6 | conversations, or presentations by Parties or counsel to or in court or in other settings

7 | that might reveal Confidential Information.

8      5.     Designated Material shall not include (a) documents that do not meet

9 | the requirements to be designated "Confidential" or "Highly Confidential –

10 | Attorneys' Eyes Only" or (b) materials that are publicly available.

11      6.     Designated Material marked as "Confidential" shall be maintained in

12 | confidence by the Receiving Party, shall be used solely for this action, and shall not

13 | be disclosed to any person by the Receiving Party in this action except:

14      a. The Court and personnel employed by the Court;

15      b. Court Reporters and Videographers to the extent that Confidential

16        Information is disclosed at a deposition or Court session which

17        such reporter or videographer is transcribing or recording;

18      c. Outside counsel of record for the Parties in this action and

19        attorneys, staff, and supporting personnel of such counsel, to the

20        extent reasonably necessary to render professional services in this

21        action;

22      d. The Receiving Party (if a natural person) or two identified

23        employees of the Receiving Party who need access to such

24        information to approve its conduct in the action, or its settlement

25        of the action, and who have been provided with a copy of this

26        Protective Order and have signed a sworn declaration of the form

27        of Exhibit A attached hereto and provided the sworn declaration

28        to Producing Party.  Before the employee of a Receiving Party

under this paragraph receives any disclosure as permitted under this Protective Order, the Receiving Party shall disclose the employee to the other Parties along with a description of the employee's job responsibilities, and each such employee shall review and agree to be bound by the terms of this Protective Order by signing the sworn declaration of the form of Exhibit A attached hereto. If the other Parties do not object to the disclosure of Confidential Information to this employee within seven (7) business days, then such employee may review Confidential Information. If a Party objects to the disclosure, the parties shall first seek to resolve the objection in good faith via meeting and conferring. If after meeting and conferring a Party notifies the other in writing that there is an impasse on the proposed disclosure to such designated employee, the objecting party has five (5) business days (unless the parties agree to give the objecting party a longer time) to file a motion showing why the Receiving Party's chosen employee will provide a prejudice to it. Each Party shall have the right to substitute a newly designated employee for the previously designated employee only if the previously designated employee is no longer in the employ of the Receiving Party, and the newly proposed employee similarly needs access to Confidential Information to approve of the Receiving Party's conduct in or settlement of the action. When such a substitution is deemed necessary, the Receiving Party shall (i) immediately notify the other Parties of the previously designated employee's departure from the Receiving Party and the new place of employment, (ii) use its best efforts to retrieve all Confidential Information previously disclosed to the

-4-

previously designated employee, and (iii) designate and disclose the new proposed employee, provided that such new proposed employee meets the above criteria and the Receiving Party complies with the procedures for the designation of the employee set forth above;

e. Designated experts or consultants (and the assistants, secretarial, and clerical staffs of such experts or consultants) who are not employees of the Receiving Party and who are retained by a Party or its attorneys of record in this action to assist in the preparation of the case, such as economic or accounting, or to give testimony with respect to the subject matter thereof for the trial of this action. Prior to disclosure, for each designated expert or consultant, the Receiving Party must provide: (i) a current CV; (ii) a listing of the expert or consultant's legal consulting work for the previous four years and a sworn declaration of the form of Exhibit A attached hereto. A Producing Party has five (5) business days from the disclosure in the previous sentence to provide written, good faith objections, if any. In the event of such objections, the parties shall first seek to resolve the objections in good faith via meeting and conferring. If the parties resolve the issue, the expert or consultant may receive Confidential Information. If the Producing Party instead notifies the Receiving Party in writing that there is an impasse on the use of the proposed expert or consultant, the Producing Party has five (5) business days (unless the parties agree to give the objecting party a longer time) to file a motion showing why the Receiving Party's chosen expert or consultant will provide a prejudice to it. If such a motion is not filed, Confidential Information may be disclosed to

the expert or consultant.  If such a motion is filed, the Receiving

Party may not disclose Confidential Information to the expert or

consultant until such time as the Court denies the moving Party's

motion or the parties otherwise agree that disclosure is

appropriate with regard to the proposed expert or consultant;

f.  Persons who appear on the face of such Designated Material as an

author, addressee or recipient thereof; or persons in whose files

the document or thing was found;

g.  Duplicating, photocopying, e-discovery, videography, imaging,

graphics, demonstrative, and document coding/scanning

contractors who have been provided with a copy of this Protective

Order and have signed a sworn declaration of the form of Exhibit

A attached hereto;

h.  Jury consultants who have been engaged by the Parties in

preparation for trial and who have been provided with a copy of

this Protective Order and have signed a sworn declaration of the

form of Exhibit A attached hereto.  For any jury research, an

appropriate screening process must be used to assure that the jury

consultant(s) selected are not current or former, officers,

directors, employees, or consultants of any Party or any direct

competitors of any Party;

i.  Mock jurors who have been engaged by the Parties or consultants

in preparation for trial.  For all mock jurors, an appropriate

screening process must be used to assure that the mock jurors

selected for any mock jury presentation are not current or former

officers, directors, employees, or consultants of any Party or any

direct competitors of any party; and

j.  Such other persons as the Producing Party may, in writing, agree,

1   or by order of this Court.

2   7.   Material marked as "Highly Confidential – Attorneys' Eyes Only" shall
3   be maintained in confidence by the Party to whom such material is produced, shall be
4   used solely for this action, and shall not be disclosed by the Receiving Party to any
5   person in this action except the persons specified in sub-paragraphs (a), (b), (c), (e),
6   (f), (g), (h), (i), (j), (k), and (l) of paragraph 6 above.

7   8.   In the event that a Producing Party elects to produce original documents
8   or other material for inspection, no markings need be made on the documents or
9   material by the Producing Party in advance of the inspection.  During the inspection,
10  such documents or material shall be considered "Highly Confidential – Attorneys'
11  Eyes Only."  After selection by the inspecting party of specific documents or
12  material for copying, the Producing Party shall make the appropriate copies, and the
13  appropriate confidentiality designations shall be placed on the documents or
14  materials before they are provided to the inspecting party.

15  9.   Information, including in the form of transcripts or exhibits, disclosed at
16  a deposition of, or during testimony at a hearing or trial of (i) a Party, the present or
17  former officers, directors, employees, agents, or experts retained by a Party for the
18  purpose of this action, or (ii) a third party in possession of Confidential Information
19  of its own or of a Party, may be designated by any party (or by the third party
20  disclosing any such Confidential information) as "Confidential," or "Highly
21  Confidential – Attorneys' Eyes Only" information by (i) indicating on the record at
22  the deposition, hearing, or trial that the testimony is "Confidential," or "Highly
23  Confidential – Attorneys' Eyes Only" and is subject to the provisions of this Order or
24  (ii) notifying all of the parties in writing within 14 days of receipt of the final
25  transcript.

26  10.  Counsel for Receiving Party may show Confidential Information to a
27  deponent during a deposition if (i) counsel for Receiving Party has a good faith belief
28  that the deponent is knowledgeable regarding the Confidential Information and (ii)

1  counsel for Receiving Party has no reason to believe that the deponent is not entitled
2  to know such Confidential Information. Counsel for either Party may show
3  Confidential Information to a witness designated under Fed. R. Civ. P. 30(b)(6) to
4  testify on behalf of an organization if anyone at the organization is knowledgeable
5  regarding the Confidential Information.

6       11.    Information produced or testified about without an appropriate
7  confidentiality designation may be properly designated subsequent to such
8  production or testimony.  The Producing Party has thirty (30) days (or longer, if
9  agreed by the Parties) after it receives the final transcript of the testimony to
10  designate the transcript "Confidential" or "Highly Confidential – Attorneys' Eyes
11  Only" information.  If discovery material is subsequently designated, the Receiving
12  Party shall promptly collect any copies that have been provided to individuals other
13  than those authorized in paragraphs 6 and 7 of this Protective Order.

14       12.    Absent any overriding rules of this Court or orders of this Court, no
15  material containing Confidential Information shall be filed in the public record of
16  this action.  In the event that any document or information that has been designated
17  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is included with, or
18  in any way disclosed in, any pleading, motion, deposition transcript, correspondence,
19  or other paper filed with the Court, such document or information and related
20  material shall be filed under seal with the Court in accordance with Local Civil Rule
21  79-5.  In the event a physical copy of a document containing Confidential
22  Information is to be filed in this action, it must be filed in a sealed envelope bearing
23  the legend "Filed Under Seal" on its front face.  The envelope shall also bear the
24  caption of the case, shall state the title of the documents contained therein and shall
25  state that the document is filed under the terms of this Protective Order.

26       13.    Inadvertant production of information subject to attorney-client
27  privilege, work-product immunity, or any other applicable privilege or immunity
28  shall be handled as follows, but without waiver of or prejudice to the right of any

1 Party to apply to the Court for further protection or disclosure relating to discovery:

2      a. Immediately upon receiving notice from the Producing Party that

3 information subject to attorney-client privilege, work-product

4 immunity, or any other applicable privilege or immunity has been

5 inadvertently produced, the Receiving Party shall not review,

6 copy, or otherwise disseminate the documents or materials, nor

7 shall it disclose their substance except as described in subsection

8 (c) below.  The Receiving Party shall also return or destroy (at the

9 Producing Party's option) the documents or materials and all

10 copies, including electronic copies, within three (3) business days

11 from receiving notice.  Documents or materials containing the

12 Receiving Party's work product shall be destroyed;

13      b. If the Receiving Party, without notice from the Producing Party,

14 determines that information subject to attorney-client privilege or

15 work-product immunity has been inadvertently produced, the

16 Receiving Party shall immediately contact the Producing Party

17 and advise the Producing Party of the inadvertent disclosure.  The

18 Receiving Party shall not review, copy, or otherwise disseminate

19 the documents or materials, nor shall it disclose their substance.

20 The Receiving Party shall also return or destroy (at the Producing

21 Party's option) the documents or materials and all copies,

22 including electronic copies, within three (3) business days from

23 discovery of the inadvertent disclosure.  Documents or materials

24 containing the Receiving Party's work product shall be destroyed;

25      c. If the Receiving Party believes that it has a good-faith basis for

26 challenging

27 a privilege or immunity claim, the Receiving Party still shall

28 return or destroy all copies of the documents or material that are

subject of the claim of inadvertent production, as described above.  Receiving Party may keep materials reflecting work product so long as such materials are maintained in a locked container and certification is provided that this provision has been complied with and that Receiving Party will not access the materials until the resolution of the objection.  The Receiving Party shall also provide the Producing Party with a written explanation of the good-faith basis for the belief that the produced documents or materials are not privileged (which shall include the specific identification of the document(s) at issue, including the Bates number of each such document(s)), within three (3) business days of the Producing Party's request for return.  The Producing Party shall respond in writing to the Receiving Party's timely challenge to a privilege or immunity claim within five (5) business days from receipt of the challenge;

d. In the event the Parties cannot agree as to the privileged or immune status of produced documents or materials, the Receiving Party shall have five (5) business days from receipt of the Producing Party's written response to the privilege challenge to seek, in accordance with the scheduling order entered and any applicable standing orders or local rules, an order compelling production of the produced documents or materials. The Receiving Party shall not use the fact of the production to challenge the claimed status as privileged or immune. In the event that a motion is made, the Producing Party shall have the burden of proving that the produced documents or materials are privileged or immune from discovery.  Nothing in this paragraph is intended to limit the rights of any Party pursuant to Fed. R. Civ.

P. 26(b)(5)(B);

    e.  Disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege or immunity. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that neither attorney-client privilege nor protection under the work-product doctrine is waived by disclosure of information, inadvertent or otherwise, subject to attorney-client privilege or work product immunity, in which event such disclosure is also not a waiver in any other federal or state proceeding.

14.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information of another Party or non-party to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iv) request that such person or persons sign a sworn declaration of the form of Exhibit A attached hereto.

15.    Within a reasonable time after the delivery of Designated Material, counsel for Receiving Party may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the Producing Party. If the Parties, after meeting and conferring, are unable to agree as to whether the designation of discovery material is appropriate, the Receiving Party wishing to contest the designation may file a motion with the Court with regard to any Designated Material in dispute. Upon the filing of such a motion by the Receiving Party, the Producing Party shall have the burden of establishing that the disputed

1   Designated Material are entitled to confidential treatment.  All Designated Material
2   are entitled to the designated treatment pursuant to the terms of this Order until and
3   unless the parties formally agree in writing to the contrary or a contrary
4   determination is made by the Court as to the Receiving Party's motion.

5          16.    If Confidential Information in the possession, custody, or control of a
6   Receiving Party is sought by subpoena, request for production, interrogatory, or any
7   other form of discovery request or compulsory process of any court, administrative
8   body or legislative body, or any other person or tribunal purporting to have authority
9   to seek such information by compulsory process or discovery request, including
10  private parties, the Receiving Party shall: (i) provide notice in a reasonable amount
11  of time of such process or discovery request together with a copy thereof, to counsel
12  for the Producing Party; (ii) cooperate to the extent necessary to permit the
13  Producing Party to seek to quash such process or discovery request; and (iii) not
14  produce or disclose such Confidential Information until the Producing Party consents
15  in writing to its production, or the Receiving Party is ordered by a court of competent
16  jurisdiction to produce or disclose the Confidential Information.

17         17.    Provided a non-party agrees to abide by the terms of this Protective
18  Order, the terms of this Protective Order are applicable to information produced by a
19  non-party in this action and designated as "Confidential" or "Highly Confidential –
20  Attorneys' Eyes Only."  Such Confidential Information produced by non-parties in
21  connection with this action is protected by the remedies and relief provided by this
22  Protective Order to the same extent and degree that Confidential Information
23  produced by the Parties is protected by this Protective Order.

24         18.    Within sixty (60) days after the conclusion of this action, including the
25  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of
26  this action, all Confidential Information designated and produced hereunder, and all
27  copies thereof, shall be returned to the Producing Party, or, at the option of the
28  Producing Party, be destroyed. Receiving Party shall certify in writing that such

1  material, including electronically stored information, has been destroyed.

2  Notwithstanding the foregoing, outside counsel of record may retain all of their files

3  from this action, including, but not limited to, pleadings, correspondence, discovery

4  requests, and responses, whether or not such files refer to or include any Confidential

5  Information designated in this action.

6      19.    By stipulating to the entry of this Protective Order, no Party waives any

7  right it otherwise would have to object to disclosing or producing any information or

8  item on any ground not addressed in this Protective Order.  Similarly, no Party

9  waives any right to object on any ground to the use in evidence of any of the material

10  covered by this Protective Order.

11      20.    Nothing contained in this Protective Order shall preclude a Party

12  producing Confidential Information from using its own Confidential Information in

13  any manner it sees fit.

14      21.    Without constituting a waiver as to any claim or defense of any Party,

15  each individual who receives Confidential Information so designated under this

16  Protective Order agrees to submit himself/herself to the jurisdiction of this Court for

17  the purpose of any proceedings relating to compliance with the Protective Order.

18      22.    This Protective Order shall remain in full force and effect after the

19  termination of this action.

20      23.    Any Party hereto may at any time apply to the Court for permission to

21  move to request that the Court modify this Protective Order to provide additional or

22  different protection where it is deemed appropriate.

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER

1  DATED:  April 21, 2014          RUSS AUGUST & KABAT

2

3

4                                  By:    /s/ Daniel P. Hipskind
5                                         DANIEL P. HIPSKIND
6
                                   Attorneys for Plaintiff
7                                  Glennon Marrero
8

9

10  DATED:  April 21, 2014         GOODMAN MOONEY

11

12

13                                 By:    /s/ Eric Goodman
14                                        ERIC GOODMAN
15
                                   Attorneys for Defendants
16                                 Michael Ray Nguyen-Stevenson; Universal Music
                                   Group, Inc.; Tilly's Inc.; and Shiekh Shoes
17

18
    DATED:  April 21, 2014         KRONGOLD LAW CORP.
19

20

21

22                                 By:    /s/ Steven L. Krongold
                                          STEVEN L. KRONGOLD
23
                                   Attorneys for Third-Party Defendant and Third-
24                                 Party Plaintiff
25                                 Last Kings Designs LLC

26

27

28

1

# [~~PROPOSED~~] ORDER

2

Pursuant to the parties' stipulation set forth above, IT IS SO ORDERED.

3

4  DATED: April 22, 2014

5

6                                      By: _Patrick J. Walsh_

7

8                                      Hon. Patrick J. Walsh
                                       United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

[PROPOSED] PROTECTIVE ORDER

1
2
3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

4
5   Glennon Marrero,

6                 Plaintiff

7   v.

8   Michael Ray Nguyen-Stevenson; Universal
    Music Group, Inc.; Tilly's, Inc.; Shiekh
9   Shoes; and Doe Corporation,

10                Defendants.

11  Michael Ray Nguyen-Stevenson,

12                Third-Party Plaintiff,

13  v.

14  Last Kings Designs LLC, a California
    limited liability company,
15

16                Third-Party Defendant.

17

18  Last Kings Designs LLC, a California
    limited liability company,
19                Plaintiff,

20  v.

21  Glennon Marrero,

22                Defendant.

23

Case No. 13-cv-09291-CBM-PJW___

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

24          ## PROTECTIVE ORDER UNDERTAKING

25      I, _____ _____, hereby acknowledge that I am about to receive

26  Confidential Information as defined in the Protective Order agreed to by the Parties

27  and so ordered by the Court in this case.

28      I certify my understanding that the Confidential Information is being provided

to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under the Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that Confidential Information and my copies of notes relating thereto may only be disclosed to or discussed with persons allowed under the Protective Order to receive such information.

At the request of counsel for Receiving Party, I will return or destroy upon request all materials containing Confidential Information and all copies thereof.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue with respect to enforcement of the Protective Order. I make all statements above under penalty of perjury.

Signature: _____     Date: _____

Printed name: _____

[PROPOSED] PROTECTIVE ORDER